```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MARKET STREET PROPERTIES**　　　　**CIVIL ACTION No: 10-00951**
**PALM BEACH, L.L.C., et al.**

**VERSUS**　　　　　　　　　　　　　　**SECTION: "B"(4)**

　　　　　　　　　　　　　　　　　　**MAGISTRATE KAREN W. ROBY**
**NOLA DEVELOPMENT PARTNERS,**
**L.L.C., et al.**

## ORDER AND REASONS

Plaintiff's Motion to Remand (Rec. Doc. 6) is hereby **REFERRED AND TRANSFERRED** to Section "A" Bankruptcy Court for the Eastern District of Louisiana Civil Action Number 09-14172, for further findings and determinations[1].

## BACKGROUND

On October 21, 2008, Plaintiffs Market Street Properties Palm Beach, LLC; Tchoupitoulas Investors One, LLC; 1544 Tchoupitoulas Street, LLC; and 1566 Tchoupitoulas Street, LLC filed a Petition for Damages, Breach of Contract, Fraud Misappropriation of Funds, Breach of Fiduciary Duties, Accounting, to Pierce the Corporate Veil and for Declaratory Judgment and/or Relief and for Trial by Jury in the Civil District Court for the Parish or Orleans against Defendants Nola Development Partners, LLC; Nola Development Partners I, LLC;

---

[1] We are grateful for the work on this case by Adam N. Matasar, a Tulane Law School extern with our chambers.

Market Street Properties, LLC; Market Street Properties Miami, LLC; Market Street Properties (Miami), LLC; John M. Mannone; Adam Swickle; Michael Prendergast; Michael Samuel; Market Street New Orleans Investors, LLC; Market Street New Orleans Investors 2, LLC; Nachman Enterprise; FYI Enterprise, Inc.; Leonard Epstein; and Elie Mimoun (Rec. Doc. 6-1).

Defendant then filed for bankruptcy on or about December 23, 2009 (Rec. Doc. 6-1). Shortly thereafter, Plaintiff's state court action was removed to this Court, alleging federal jurisdiction premised on 28 U.S.C. §§157 and 1334(a), as an action arising under Title 11 or arising in or related to bankruptcy proceedings (Rec. Doc. 6-1; Rec. Doc. 1). Additionally, Defendant bases federal jurisdiction for removal of these claims on 28 U.S.C. §§ 1452 and 1334, as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure (Rec. Doc. 1; Rec. Doc. 6-1).

28 U.S.C. §157(a) states that "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 ***shall be referred to the bankruptcy judges for the district***" (emphasis added). Furthermore, 28 U.S.C. § 157(b)(3) provides that "[t]he bankruptcy judge **shall** determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection

2

or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding ***shall not*** be made solely on the basis that its resolution may be affected by State law" (emphasis added). Additionally, in 28 U.S.C. § 157(c)(1), the statutory language is explicitly clear that even when a proceeding is non-core, "the bankruptcy judge ***shall*** submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters which any party has timely and specifically objected" (emphasis added).

In <u>Consol. Lewis Inv. Corp. v. First Nat. Bank of Jefferson Parish</u>, 74 B.R. 648 (E.D. La. 1987), this Court held that the Bankruptcy Court should properly make decisions of whether a state court proceeding (removed pursuant to 28 U.S.C. §§ 157 and 1452) was properly removed to the Federal District Court, was a core or non-core proceeding, and whether or not the case should be remanded to State Court due to the claims resting exclusively on State law. 74 B.R. 648, 651. As a result, the Court transferred the case to the Bankruptcy Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1412. <u>Id.</u>, *see also* <u>Shared Network Users Group, Inc. v. Worldcom Technologies, Inc.</u>, 309 B.R. 446 (E.D. Pa. 2004) (District Court made decision

3

denying motion to remand and subsequently transferred case to venue of district in which debtor's bankruptcy proceeding was pending partly because parties had *agreed* that proceeding was "core".); In re Marshall, 118 B.R. 954 (W.D. Mich. 1990) (District Court remanded case based on Bankruptcy Judges' report and recommendation as to the propriety of abstention and remand and determination of core/non-core proceeding status.); In Re G.F. Corp., 127 BR 384 (Bkrtcy N.D. Ohio 1991) (holding that the Bankruptcy Court may enter dispositive order on core/noncore issue); In re 1733 Ridge Road East, Inc., 125 B.R. 722 (W.D. N.Y. 1991) (holding it was for Bankruptcy Court, and not District Court, to determine whether state law claims related to bankruptcy proceeding were core or noncore); In re Michigan Real Estate Ins. Trust, 87 B.R. 447 (E.D. Mich. 1988) (holding that it is the Bankruptcy judge's province to determine core/noncore status of proceedings); In re Chapman, 132 B.R. 153 (Bkrtcy N.D. Ill. 1991) (holding that the Bankruptcy Court has the authority to remand claims).

Here, there exist legal determinations in dispute regarding the proper classification of the Plaintiff's removed State Court Lawsuit as Core or Non-Core, as that determination has an impact on whether or not these claims should be remanded for a lack of Subject Matter Jurisdiction under 28 U.S.C. §1334 or under the

4

discretionary abstention/ equitable-remand provision of 28 U.S.C. § 1452.

Furthermore, as it is supported amply by the case-law referenced *supra*, those aforementioned determinations should be properly made by the Bankruptcy Court in which the Defendant's bankruptcy case is pending. That court may then issue findings and recommendations to this Court, which will guide this Court's final adjudication of this Motion to Remand.

In Consolidated Lewis Investment Corp., the Court recognized that "28 U.S.C. § 1412 provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties." 74 B.R. 648, 651 (quoting 28 U.S.C. §1452). Therefore, it seems logical that the Court may order the transfer of these claims to the appropriate Bankruptcy Court "in the interest of justice."

Accordingly, **IT IS ORDERED** that this case be **TRANSFERRED** to Section "A" Bankruptcy Court for the Eastern District of Louisiana Civil Action Number 09-14172, for further findings. Those determinations are both within the province of the Bankruptcy Judge's jurisdiction, and are necessary to the proper determination of whether the Court may properly exercise supplemental jurisdiction over the instant claims, pursuant to 28 U.S.C. §§ 157, 1334, 1367 and 1452.

New Orleans, Louisiana this 16th day of June 2010.

_____
United States District Judge